IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


CODY S. HOWARD, SR.                                                    PLAINTIFF

v.                                  Civil No.: 4:18-CV-04125

STEPHEN KING (Medical Team                                        DEFENDANTS
Administrator), CAPTAIN GOLDEN,
WARDEN JEFFIE WALKER, SHERIFF
JACKIE RUNION, and DR. TIMOTHY
REYNOLDS


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is a Motion to Dismiss by Defendants King and Reynolds. (ECF No. 8).

## I. BACKGROUND

Plaintiff filed his Complaint on August 31, 2018. (ECF No. 1). Plaintiff is currently incarcerated in the Miller County Correctional Facility (MCCF). Plaintiff alleges he was denied medical care in MCCF between May 12, 2018, and August 8, 2018. He states he informed the facility of his sickle cell disease when he entered the facility, the information is in his records, and he was still refused treatment and medication for the disease. (*Id.* at 4-5). Plaintiff also alleges he suffered "medical neglect" and racial discrimination in relation to his bunk assignment. He alleges that on August 1, 2018, he asked for a lower bunk assignment or "scrip" because he had rods and screws in his leg. Nurse King reviewed his medical records and informed him he did not qualify

1

for the lower bunk assignment.  Plaintiff alleges that in addition to the rods and pins, his sickle cell disease negatively affected the strength in his legs.  He alleges the denial also constituted racial discrimination because a white inmate with "just rods and pins in his ankle" received a lower bunk assignment.  (*Id*. at 5-6).

Plaintiff names all Defendants for all claims.  (*Id*. at 4, 5).  He proceeds against all Defendants in their official and personal capacity.  (*Id*.).  Plaintiff seeks compensatory and punitive damages.  (*Id*. at 7).  Plaintiff further states he "would love for them to just abide by all state and federal guidelines of a correctional facility and treat all inmates the same."  (*Id*.).

Defendants King and Reynolds filed their Motion to Dismiss on September 25, 2018.  (ECF No. 8).  On September 27, 2018, the Court entered an Order directing Plaintiff to file a Response to the Motion.  (ECF No. 12).  Plaintiff did so on October 18, 2018.  (ECF No. 17).

## II.  LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

2

### III.  ANALYSIS

Defendants King and Reynolds argue Plaintiff failed to allege any facts to support any official capacity claims against their employer, Southern Health Partners, Inc.  (ECF No. 8 at 1). They further argue Plaintiff has failed to allege any facts indicating that they were deliberately indifferent to Plaintiff's medical needs.  (*Id.* at 2).  Defendant Reynolds argues Plaintiff failed to allege any facts which would support an Equal Protection claim against him.  (*Id.* at 1).

Plaintiff's Response stated only that "they" were notified through jail requests and grievances.  (ECF No. 17).

### A.  Official Capacity Claims – Defendants King and Reynolds

Both Defendant King and Defendant Reynolds are employees of Southern Health Partners, Inc.  (ECF No. 8 at 1; 9 at 3).  Plaintiff failed to allege any facts supporting any plausible official capacity claims against Southern Health Partners, Inc.  Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits.  As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself.  *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.  *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914. Here, Plaintiff has failed to identify any policy or custom of Southern Health Partners, Inc. which violated his constitutional rights. As such, he failed to state any plausible official capacity claims against these Defendants.

### B.  Denial of Medical Care – Defendants King and Reynolds

Plaintiff failed to allege a plausible denial of medical care claim against these Defendants. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id*.

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* (internal citations omitted). Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990). The objective seriousness of any delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005).

Here, Plaintiff provided only conclusory statements that he was denied medical care for his sickle cell disease and was not given a bottom bunk assignment. Plaintiff alleged no facts concerning what symptoms his sickle cell disease caused, what medical care or treatment was needed, whether he placed medical care requests for his disease using the proper jail procedure and was denied, or whether he suffered any injuries due to the alleged denial of care. Nor has he alleged he suffered any detrimental effects to his disease prognosis due to the alleged denial of medical care or the lack of lower bunk assignment. As noted above, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin,* 780 F.2d at 1337. Plaintiff therefore failed to state a plausible personal capacity claim for denial of medical care against these Defendants.

### C. Equal Protection Claim - Defendant Reynolds

Plaintiff failed to state a plausible personal capacity Equal Protection claim against Defendant Reynolds. "Liability under Section 1983 requires a causal link to, and direct

responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between Reynolds and the denial of his bottom rack assignment. Indeed, Plaintiff has not alleged any facts indicating that Reynolds was even aware of his bottom rack request. *See Martin*, 780 F.2d 1337. (Even a pro se Plaintiff must allege specific facts sufficient to state a claim).

## IV. CONCLUSION

Accordingly, I recommend that the Motion to Dismiss by Defendants King and Reynolds (ECF No. 8) be GRANTED. Plaintiff's official capacity and denial of medical care claims against Defendants King and Reynolds, and his Equal Protection claim against Defendant Reynolds, are DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **15th day of March 2019**.

/s/ *J. Marschewski*
_____
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE