IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY S. HOWARD, SR.                                                    PLAINTIFF

v.                                    Case No. 4:18-cv-4125

STEVEN KING; CAPTAIN GOLDEN
ADAMS; WARDEN JEFFIE WALKER;
SHERIFF JACKIE RUNION; and DR. TIMOTHY
REYNOLDS                                                              DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed March 15, 2019, by the
Honorable James R. Marschewski, United States Magistrate Judge for the Western District of
Arkansas. (ECF No. 25). Plaintiff is currently incarcerated in the Miller County Correctional
Facility and has filed a Complaint pursuant to U.S.C. 42 § 1983 alleging that he was denied access
to medical care in violation of his civil rights. (ECF No. 1). Specifically, Plaintiff alleges that he
should have received additional medical care and a bottom bunk assignment because of
complications from Sickle Cell disease and from having rods and screws in his leg. *Id.* Plaintiff—
an African-American—has also brought an Equal Protection claim, alleging that his Equal
Protection rights were violated because a similarly situated white inmate received a bottom bunk.
*Id.*

On September 25, 2018, Separate Defendants Steven King and Dr. Timothy Reynolds filed
their Motion to Dismiss. (ECF No. 8). The Court referred the motion to Judge Marschewski to
make a Report and Recommendation. Judge Marschewski recommends that Separate Defendants
Steven King and Timothy Reynolds' Motion to Dismiss (ECF No. 9) be granted. Judge
Marschewski recommends that Plaintiff's official capacity claims against King and Reynolds be

dismissed without prejudice because Plaintiff failed to identify any custom or policy of Southern Health Partners, Inc.—King and Reynolds' employer—which violated his civil rights. Judge Marschewski further recommends that the individual capacity claims against King and Reynolds be dismissed without prejudice because Plaintiff failed to demonstrate deliberate indifference to his medical needs. Finally, Judge Marschewski recommends that Plaintiff's Equal Protection claim against Reynolds be dismissed without prejudice because he has failed to establish a causal link between Reynolds and his bottom bunk assignment.[1]

Plaintiff has timely filed objections to the Report and Recommendation. (ECF No. 31). However, Plaintiff's objections have failed to address any of Judge Marschewski's findings.[2] Rather, Plaintiff makes conclusory allegations that Defendants should have known what to do about his Sickle Cell disease and that he was denied medical care and a bottom bunk on the basis of race. Because Plaintiff has failed to make specific objections to the Report and Recommendation, he is not entitled to *de novo* review by this Court. *See* U.S.C. § 636(b)(1). Therefore, the Court adopts the Report and Recommendation (ECF No. 25) *in toto*.

Accordingly, the Court finds that Separate Defendants King and Reynolds' Motion to Dismiss (ECF No. 8) should be and hereby is **GRANTED**. Plaintiff's official capacity and denial of medical care claims against Defendants King and Reynolds, and his Equal Protection claim against Defendant Reynolds are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of April, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Plaintiff does not allege an Equal Protection claim against Defendant King.
[2] Plaintiff filed a supplement to his Complaint after Judge Marschewski filed his Report and Recommendation. (ECF No. 29). The Court has reviewed the supplement and finds that it does not warrant a departure from Judge Marschewski's Report and Recommendation.