IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY S. HOWARD, SR.                                                                                    PLAINTIFF

v.                                        Civil No.: 4:18-CV-04125

STEPHEN KING, CAPTAIN GOLDEN,                                                    DEFENDANTS
WARDEN JEFFFIE WALKER, SHERIFF
JACKIE RUNION and DR. TIMOTHY
REYNOLDS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion to Appeal *in forma pauperis*. (ECF No. 36).

### I. BACKGROUND

Plaintiff filed his Complaint on August 31, 2018. (ECF No. 1). Plaintiff alleges he was denied medical care in MCCF between May 12, 2018, and August 8, 2018. He states he informed the facility of his sickle cell disease when he entered the facility, the information is in his records, and he was still refused treatment and medication for the disease. (*Id*. at 4-5). Plaintiff also alleges he suffered "medical neglect" and racial discrimination in relation to his bunk assignment. He alleges that on August 1, 2018, he asked for a lower bunk assignment or "scrip" because he had rods and screws in his leg. Nurse King reviewed his medical records and informed him he did not qualify for the lower bunk assignment. Plaintiff alleges that in addition to the rods and pins, his

1

sickle cell disease negatively affected the strength in his legs. He alleges the denial also constituted racial discrimination because a white inmate with "just rods and pins in his ankle" received a lower bunk assignment. (*Id*. at 5-6).

Plaintiff names all Defendants for all claims. (*Id*. at 4, 5). He proceeds against all Defendants in their official and personal capacity. (*Id*.). Plaintiff seeks compensatory and punitive damages. (*Id*. at 7). Plaintiff further states he "would love for them to just abide by all state and federal guidelines of a correctional facility and treat all inmates the same." (*Id*.).

On September 25, 2018, Defendants King and Reynolds filed a Motion to Dismiss. (ECF No. 8). They argue Plaintiff failed to allege any facts to support any official capacity claims against their employer, Southern Health Partners, Inc. (ECF No. 8 at 1). They further argue Plaintiff has failed to allege any facts indicating that they were deliberately indifferent to Plaintiff's medical needs. (*Id*. at 2). Defendant Reynolds argues Plaintiff failed to allege any facts which would support an Equal Protection claim against him. (*Id*. at 1).

On March 15, 2019, the undersigned entered a Report and Recommendation which recommended that the Motion to Dismiss by Defendants King and Reynolds (ECF No. 8) be granted, and Plaintiff's official capacity and denial of medical care claims against Defendants King and Reynolds, as well as his Equal Protection claim against Defendant Reynolds be dismissed without prejudice. (ECF No. 25). Plaintiff filed a Supplement and an Objection to the Report and Recommendation. (ECF Nos. 29, 31). Defendants King and Reynolds filed a Response to both documents. (ECF No. 30). Defendant Golden, Runion, and Walker filed a Response as well. (ECF No. 32).

On April 3, 2019, the Report and Recommendation was adopted *in toto*. (ECF No. 36). Plaintiff's personal capacity Equal Protection claim against Defendant King, and his claims against

Defendants Golden, Runion and Walker remain at this time. Summary Judgment motions in this case are due by June 7, 2019. (ECF No. 18).

Plaintiff filed his Notice of Appeal on April 9, 2019, and his Motion to Appeal IFP on April 17, 2019. (ECF Nos. 35, 36).

## II. ANALYSIS

28 U.S.C. § 1915 governs applications for leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32. The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

28 U.S.C. §§ 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

As discussed by the Court in its Report and Recommendation, Plaintiff failed to state any plausible official capacity claims or any plausible denial of medical care claims against Defendant King and Reynolds. He further failed to state any plausible Equal Protection claims against Defendant Reynolds. As he failed to state claims upon which relief may be granted for these issues, his appeal of their dismissal is not taken in good faith.

### III. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 36) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **25th day of April 2019**.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE