IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY S. HOWARD, SR.                                                                        PLAINTIFF

v.                                    Case No. 4:18-cv-4125

STEPHEN KING; CAPTAIN GOLDEN;
WARDEN JEFFIE WALKER;
SHERIFF JACKIE RUNION;
and DR. TIMOTHY REYNOLDS                                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed April 25, 2019, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 37). Judge Marschewski recommends that Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* ("IFP") be denied. (ECF No. 36). Plaintiff has filed Objections to the Report and Recommendation. (ECF No. 39). The Court finds this matter ripe for consideration.

## BACKGROUND

This case is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate currently incarcerated in the Miller County Correctional Facility. Plaintiff filed his Complaint on August 31, 2018. (ECF No. 1). Plaintiff alleges that he was denied medical care in the Miller County Correctional Facility between May 12, 2018, and August 8, 2018. He states that he informed the facility of his sickle cell disease when he entered the facility, that the information is in his records, and that he was still refused treatment and medication for the disease. (*Id*. at 4-5). Plaintiff also alleges that he suffered "medical neglect" and racial discrimination in relation to his bunk assignment.

On September 25, 2018, Defendants King and Reynolds filed a Motion to Dismiss. (ECF No. 8). The Court referred the matter to Judge Marschewski. On March 15, 2019, Judge Marschewski entered a Report and Recommendation which recommended granting the Motion to Dismiss. The Court adopted Judge Marschewski's Report and Recommendation *in toto*. Consequently, Plaintiff's official capacity and denial of medical care claims against Defendants King and Reynolds, as well as his Equal Protection claim against Defendant Reynolds were dismissed without prejudice. (ECF No. 25).

Plaintiff filed his Notice of Appeal on April 9, 2019, and his Motion to for Leave to Appeal IFP on April 17, 2019. (ECF Nos. 35; 36). The Court referred Plaintiff's Motion for Leave to Appeal IFP to Judge Marschewski. On April 25, 2019, Judge Marschewski issued his Report and Recommendation, recommending that Plaintiff's motion be denied. (ECF No. 37). On May 3, 2019, Plaintiff filed his Objections to Judge Marschewski's Report and Recommendation.[1] (ECF No. 39).

**DISCUSSION**

Judge Marschewski recommends denying Plaintiff's Motion for Leave to Appeal IFP because after the Court determined that Plaintiff failed to allege facts sufficient to state a claim, any attempt to appeal would be frivolous and not taken in good faith. *See* 8 U.S.C. § 1915(a)(3) (stating that an appeal may not be taken IFP if it is not taken in good faith). Plaintiff objects to the recommendation, arguing that he has a viable official capacity claim because Defendants King and Reynolds violated the standard operating procedures of the Miller County Correctional Facility. Plaintiff also makes several other miscellaneous objections as to why an appeal would be taken in good faith.

---

[1] A more complete recitation of the facts can be found in Judge Marschewski's Report and Recommendation. (ECF No. 37).

## I. Evidence of Policy or Custom

Judge Marschewski recommended dismissing Plaintiff's official capacity claims because Plaintiff failed to identify any custom or policy of Southern Health Partners, Inc.[2] which violated his constitutional rights. Plaintiff argues that Miller County Correctional Facility has a policy of medically screening and treating all inmates and that Defendants King and Reynolds ignored this policy when they failed to treat his sickle cell disease and give him a bottom bunk assignment.[3]

In the instant case, Plaintiff did not allege the existence of any custom or policy in his Complaint. Moreover, a section 1983 claimant cannot recover unless the claimant also proves that the custom or policy caused a resulting injury. *Ricketts v. City of Columbia, Mo.*, 36 F.3d 775, 779 (8th Cir. 1994). Plaintiff has failed to allege that that he was injured as the result of any custom or policy by either the Miller County Correctional Facility or Southern Health Partners, Inc. Consequently, any attempt at appeal would be frivolous. Therefore, this objection does not warrant a departure from Judge Marschewski's Report and Recommendation.

## II. Plaintiff's Remaining Objections

Plaintiff has also made several other objections to Judge Marschewski's Report and Recommendation. Specifically, Plaintiff contends that an appeal would be made in good faith because (1) Defendant King had a duty to render medical services in a professional manner, (2) he filed a Supplement (ECF No. 29) to his Complaint alleging facts upon which relief could be granted, and (3) he has stated a claim for denial of medical care and cruel and unusual punishment.[4]

Upon consideration, the Court finds that none of these objections warrant a departure from Judge Marschewski's recommendation. Plaintiff's objections about Defendant King's alleged

---

[2] Southern Health Partners, Inc. employs Defendant King and Reynolds and is contracted to provide medical services at the Miller County Correctional Facility.
[3] These arguments are enumerated as objections 1, 2, and 3 in Plaintiff's Objections. (ECF No. 39, p. 1).
[4] These arguments are enumerated as objections 4, 5, and 6 in Plaintiff's Objections. (ECF No. 39, p. 2).

duty and that he has stated claims for denial of medical care and cruel and unusual punishment are too vague and conclusory to trigger *de novo* review by this Court.[5] However, upon inspection, the objections do not contain any facts or argument that would cure the deficiencies in Plaintiff's Complaint. Moreover, Plaintiff's Supplement (ECF No. 29) does not state any facts about an alleged constitutional deprivation but rather sets out damages in the amount of $3,000,000.00. Therefore, Plaintiff's Motion for Leave to Appeal IFP should be denied.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Marschewski's Report and Recommendation (ECF No. 37) *in toto*. Accordingly, Plaintiff's Motion for Leave to Appeal IFP (ECF No. 36) should be and hereby is **DENIED**. Plaintiff may renew his Motion for Leave to Appeal IFP with the Court of Appeals for the Eighth Circuit. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**, this 14th day of May, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[5] This is the first instance where Plaintiff has raised a claim for cruel and unusual punishment, and thus, that claim is not before the Court.