IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY S. HOWARD, SR.                                              PLAINTIFF

v.                              Civil No. 4:18-CV-04125

STEPHEN KING (Medical Team                                      DEFENDANT
Administrator)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to
the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief
United States District Judge, referred this case to the undersigned for the purpose of making a
Report and Recommendation.

Currently before the Court is Defendant King's Motion for Summary Judgment.  (ECF No.
46).

## I.  BACKGROUND

Plaintiff filed his Complaint on August 31, 2018.  (ECF No. 1).  Plaintiff is currently not
incarcerated, but his Complaint concerns his incarceration in the Miller County Correctional
Facility (MCCF).  Plaintiff alleges he was denied medical care in MCCF between May 12, 2018,
and August 8, 2018.  He states he informed the facility of his sickle cell disease when he entered
the facility, the information is in his records, and he was still refused treatment and medication for
the disease.  (*Id*. at 4-5).  Plaintiff also alleges he suffered "medical neglect" and racial
discrimination in relation to his bunk assignment.  He alleges that on August 1, 2018, he asked for
a lower bunk assignment or "scrip" because he had rods and screws in his leg.  Nurse King
reviewed his medical records and informed him he did not qualify for the lower bunk assignment.

1

Plaintiff alleges that in addition to the rods and pins, his sickle cell disease negatively affected the strength in his legs. He alleges the denial of a lower bunk assignment constituted racial discrimination because a white inmate with "just rods and pins in his ankle" received a lower bunk assignment. (*Id*. at 5-6).

The sole remaining issue in the case is Plaintiff's claim that Defendant King violated his Equal Protection rights concerning the lower bunk assignment.[1]  On May 16, 2019, Defendant King filed a Motion for Summary Judgment. (ECF No. 46). On May 17, 2019, the Court entered an Order directing Plaintiff to file a Response, and Plaintiff did so on June 27, 2019. (ECF No's 51, 59). On July 2, 2019, Defendant King filed a Reply to Plaintiff's Response. (ECF No. 61).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson*

[1] On April 2, 2019, the Court entered an Order dismissing Plaintiff's denial of medical care claims against King and Reynolds, as well as the Equal Protection claim against Defendant Reynolds. (ECF No. 33). On May 3, 2019, Plaintiff filed a Motion to voluntarily dismiss Defendants Adams, Walker, Runion, and Reynolds. (ECF No. 40). On May 8, 2019, the Court granted Plaintiff's Motion. (ECF No. 43).

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment."  *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.  ANALYSIS

Defendant King argues summary judgment in his favor is appropriate because: 1.) Plaintiff's Equal Protection right was not violated because he was not similarly situated to the inmate who allegedly received preferential treatment; 2.)  Defendant's treatment of Plaintiff was not motivated by racial factors; 3.) because Plaintiff has not alleged, and cannot prove, a physical injury based on the alleged violation of his Equal Protection rights, he is limited to nominal damages of one dollar; and 4.)  Plaintiff cannot "Meet Proof with Proof."  (ECF No. 48).

Plaintiff states he was denied a bottom bunk by King after he informed him of his medical conditions.  He points to Defendant King's Exhibit A, in which Nurse King stated that the white inmate had hardware in his ankle, and climbing on a top bunk would jeopardize that ankle hardware.  (ECF No. 59 at 1-2). He argues, without medical documentation in support, that the hardware in his leg was equally jeopardized by climbing on a top bunk.  (*Id*. at 2).[2]

In his Reply, Defendant notes that several of Plaintiff's statements in his Response deal with items already dismissed from the case, and relies upon his Motion, Brief, and exhibits to refute that Plaintiff's Equal Protection right was violated by the top bunk assignment.  (ECF No. 61).

---

[2] Plaintiff also made statements that appear to reference claims that have already been dismissed from his case.  These statements will not be considered.

The Equal Protection Clause of the Fourteenth Amendment requires that "all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). "In order to establish such an equal protection claim, a prisoner must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a "fundamental right." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). Race is a suspect classification. *Sherbrooke Turf, Inc. v. Minnesota Dept. of Transp.*, 345 F.3d 964, 969 (8th Cir. 2003). However, "unequal treatment of persons who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (internal quotations omitted).

Plaintiff's claims fail to meet either portion of the Equal Protection test. First, Plaintiff was not similarly situated to M.A., the white inmate who received a bottom bunk assignment. Plaintiff does not dispute that his medical issues consisted of sickle cell anemia, a recent insect or spider bite to the right thigh, and a healed gunshot wound to the right femur from 2010 which contained rods and screws. (ECF No. 47 at 1). Nor does Plaintiff dispute that M.A. had rods and pins in his ankle, as opposed to his femur. (*Id.*) Instead, he argues that because both inmates had orthopedic hardware, they should both have been equally entitled to a lower bunk assignment. Plaintiff makes this argument with no medical support, and with no medical documentation indicating that he had ever been told by a treating physician that he should not climb. Defendant King, as a medical provider, noted that none of Plaintiff's medical conditions warranted a lower bunk assignment. (ECF No. 48 at 4; 48-1). In contrast, King noted that an ankle injury with rods and pins does warrant a lower bunk assignment, as the stress placed on an ankle joint in climbing on and off a top rack could jeopardize the ankle joint hardware. (*Id.*). King also provided a 2019

article from a relevant industry periodical[3] which indicated that patients who have been successfully using a top bunk generally do not have a medical need for a bottom bunk unless their medical condition has "acutely changed." Here, Plaintiff does not dispute that he had been using a top bunk successfully and his medical condition had not acutely changed. (ECF No. 48 at 6; 48-1 at 3). There is no indication in the record that M.A. had been doing so. Thus, Plaintiff and M.A. were not similarly situated in terms of their physical condition.

Second, Plaintiff failed to show that any allegedly unequal treatment was due to intentional or purposeful racial discrimination. He does not dispute that there were 16 lower and 16 upper bunks in the pod. He also does not dispute that white and black inmates were assigned to both. Specifically, some black inmates were assigned to lower bunks for medical reasons, while some white inmates were assigned to upper bunks. (ECF No. 47 at 1-2). His claims therefore fail to meet the requirement that any allegedly unequal bunk assignments were based on intentional or purposeful racial discrimination.

As such, there is no genuine issue of material fact, and Plaintiff's claims should be dismissed as a matter of law.

## IV. CONCLUSION

Accordingly, I recommend that Defendant King's Motion for Summary Judgment (ECF No. 46) be GRANTED and Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[3] Jeff Keller, *Sample guideline for bottom bunk requests*, Jail Medicine, May 3, 2019.

reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this **24th day of January 2020**.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE